W. JOHNSON HALLOCK, complainant-respondent,

*v.*

EMMA BUSHAUER, defendant; SUNRISE-LYNBROOK CORPORATION and CORPORATION R. F. A., INCORPORATED, defendants-appellants.

[Argued February 7th, 1933.   Decided April 27th, 1933.]

*Mr. Simon P. Northrup,* for the appellants.

*Mr. Joseph J. Carissimi,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is a vendee's suit for specific performance of a contract to convey land.   The land described in the written contract held by the complainant is a part of a larger tract

of some twenty acres, and the vendor, a widow named Bushauer, conveyed the twenty-acre tract to the defendant Sunrise-Lynbrook Corporation after contracting with the complainant. She undertook to except the land contracted to the complainant from this deed to the Sunrise Corporation, but the description of the excepted tract is not identical with that in the complainant's contract, and this is what made the trouble, because there was uncertainty with regard to the beginning point of the excepted tract. The bill charged, and the vice-chancellor properly found, that the defendant Sunrise-Lynbrook Corporation, under which the other defendant corporation R. F. A. claims, knew of the contract with complainant and was charged with notice of what that contract covered; and consequently decreed that the complainant was entitled to specific performance of his contract both as against Mrs. Bushauer, who seems to side with the complainant, and against the Sunrise Corporation and the other defendant corporation. The Hallock contract was not recorded, but it is plain that the Sunrise people knew it was in existence and the vice-chancellor held that they were charged with knowledge of its contents. This point is the gravamen of the appeal.

The twenty-acre tract fronts on Springfield avenue in New Providence for about six hundred and fifty feet on the northerly side thereof. The westerly side line of the tract runs north thirty-one degrees and six minutes west. The tract contracted to Dr. Hallock is about one hundred and fifty feet wide and four hundred feet deep and contains at a rough estimate something less than an acre and a half. The beginning point of the description in the Hallock contract is perfectly definite and is fixed by that contract at a stone monument on the northerly line of Springfield avenue distant one hundred and eighty-one and thirty-one hundredths feet easterly from the westerly line of lands of Emma Bushauer (the above westerly line of the twenty-acre tract). The description in the Hallock contract runs from this beginning several courses along Springfield avenue to the eastward something over one hundred and fifty feet; "thence (4) at

right angles to Springfield avenue north sixteen degrees thirty-seven minutes west four hundred feet; thence (5) south seventy-three degrees twenty-three minutes west one hundred and fifty feet to a stone monument; thence (6) parallel with the fourth course south sixteen degrees thirty-seven minutes east four hundred and nine and five hundredths feet to the point or place of beginning." This, it will be observed, locates the Hallock tract about one hundred and eighty-one feet easterly from the westerly line of the Bushauer twenty-acre tract measured along Springfield avenue, and the side lines of the Hallock tract run about fifteen degrees askew from the direction of the westerly side line of the twenty-acre tract. The effect of this contract is naturally to break up the twenty-acre tract in a rather inconvenient manner; but Mrs. Bushauer throughout the negotiations and the litigation stood by her contract with Hallock and agreed that it ought to be carried out. However, when she came to make the contract with the Sunrise Corporation for the twenty-acre tract and undertook to describe the exception, the beginning point was incorrectly described. The language is as follows: "Beginning at a stone monument on northerly side line of Springfield avenue recently established by the County of Union; being the lands of Emma Bushauer, and the northwesterly line of lands formerly of Barney Estate." The description then runs precisely in accord with that in the Hallock contract. A comparison of this beginning point with the other will show that the one hundred and eighty-one and thirty-one hundredths feet distance is omitted and therefore the description in the Sunrise contract would seem to locate the exception at the westerly line of Bushauer instead of one hundred and eighty-one feet away from it. The side lines, however, continued to be fifteen degrees off the direction of the side lines of the main tract, and when Mrs. Bushauer executed the deed to Sunrise in performance of the contract, the side lines of the exception were made to run north thirty-seven degrees fifteen minutes west instead of north sixteen degrees thirty-seven minutes west. This, as we understand it, was at the

suggestion of the grantees of the main tract. It should be noted that the description both in the Hallock contract and of the exception in the Sunrise contract and in the. Sunrise deed called for two stone monuments, both. of which were shown to be actually on the ground at the time of the Sunrise contract.

The vice-chancellor decided the case orally and in our judgment entirely correctly. The appellants claim that they are entitled to go by the westerly line of Mrs. Bushauer's property as a monument for the beginning of the excepted tract and to ignore the two stone monuments entirely. They claim that they may ignore the fact that the side courses of the exception were forced some fifteen or twenty degrees into accord with the side lines of the main tract. But apart from these obvious discrepancies in the description, which of themselves should put a purchaser on notice, the vice-chancellor properly pointed out that the transactions of the Sunrise people with Mrs. Bushauer were the result of negotiations between two brokers to effect an exchange of properties, one of which was the twenty-acre tract, and that the evidence shows clearly that both the brokers and the counsel of the Sunrise Corporation knew of the Hallock contract. It shows in addition that a local surveyor was employed to make maps for the Sunrise Corporation and he testified that four days before the Bushauer deed to Sunrise was delivered, he had submitted blueprints of the land, one of which showed the Hallock tract correctly located, and that at the request of counsel for Sunrise, he made another blueprint in which that tract was not shown at all.

Our examination of the evidence leads us to the conclusion that not only did these defendants fail to make the reasonable inquiries called for by the situation and by the knowledge they had, but there is strong reason to believe that they purposely refrained from making those inquiries for fear that they would learn something to their disadvantage.

The law is well settled that a second purchaser, having notice of a previous contract, will be compelled to convey to a former purchaser holding such previous contract. As

to this it is sufficient to cite two cases set forth in the respondent's brief, viz.: *Haughwout and Pomeroy* v. *Murphy, 22 N. J. Eq. 531* (at *pp. 546, 547*), and *Peoples Water Co.* v. *Millville, 95 N. J. Eq. 732* (at *pp. 735, 736*). The case of *New Jersey Title Guarantee and Trust Co.* v. *Jersey Cooperative Realty Co., 90 N. J. Eq. 615,* relied on by defendants, exhibits a situation where there was no notice either actual or constructive of the contract rights of the other party.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.